IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MANSOUR BIN EL-AMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-342 |
| ) | |
| CLARKSVILLE POLICE DEPARTMENT, ) | Judge Sharp |
| DETECTIVE NICHOLAS NEWMAN, and ) | |
| OFFICER BRIAN TENRY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court for an initial screening is plaintiff Mansour Bin El-Amin's *pro se* complaint under 42 U.S.C. § 1983 (ECF Nos. 1 and 2[1]). 28 U.S.C. §§ 1915(e)(2), 1915A(a). The plaintiff seeks to bring claims against the Clarksville Police Department and against Detective Nicholas Newman and Officer Brian Tenry, police officers with the Clarksville Police Department, in both their individual and official capacities, for false imprisonment and false arrest. The plaintiff proceeds *in forma pauperis*.

### I. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless

---

[1] Docket Entry No. 1 is docketed as the Complaint. Docket Entry No. 2, which was apparently submitted to the Court at the same time and in the same envelope as Docket Entry No. 1, is docketed as an "Amended Complaint." The Court has closely reviewed both documents and notes some minor differences between them, but concludes that Docket Entry No. 2 was actually intended by the plaintiff simply to be a hand-written copy of the complaint.

legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under this standard, the Court must construe the pleading liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. ALLEGATIONS IN THE COMPLAINT

The plaintiff alleges that he was arrested and taken into custody on the morning of June 19, 2011 by defendants Newman and Tenry for allegedly burglarizing the home of Laurien McDowell. The plaintiff asserts that he was arrested on the strength of statements by some of McDowell's neighbors that placed him near the scene of the crime. The plaintiff asserts that none of the witnesses actually stated that they had seen the plaintiff leave or enter the apartment he allegedly burglarized, or ever saw him in possession of the property he was supposed to have stolen. The plaintiff asserts he was not initially charged with any crime, but that the affidavit of complaint written by Detective Newman wrongfully stated that the detective had probable cause to believe that the plaintiff did knowingly and unlawfully enter the complainant's residence and commit a theft of property.

At some point after the plaintiff's arrest, the Clarksville grand jury issued a "true bill," despite the absence of evidence against the plaintiff. The plaintiff claims that the police officers involved in his arrest performed essentially no investigation into the crime but arrested him because he was already on probation for burglary and was living near the scene of the crime.

The plaintiff was ultimately acquitted after a trial. His probation had been revoked as a result of his being charged with the burglary, so he was detained in jail until the trial concluded, some nine months after his arrest.[2]

On the basis of these allegations, the plaintiff asserts claims against the Clarksville Police Department, Detective Nicholas Newman, and Officer Brian Tenry for false imprisonment and false arrest. He seeks compensatory and punitive damages.

---

[2] The record does not reveal why the plaintiff is still in jail.

### III. CONCLUSIONS OF LAW

#### A. False Imprisonment under § 1983

It is not clear from his complaint whether the plaintiff intends to bring a claim for false imprisonment/false arrest under § 1983 or whether he intends to pursue this claim solely under state law. Construing the complaint liberally in the plaintiff's favor, the court will assume that he intends to pursue a claim under § 1983.

Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a species of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A false arrest claim requires a plaintiff to show that the underlying arrest lacked probable cause. *See, e.g.*, *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (for a wrongful arrest claim to succeed under § 1983, plaintiff must prove that police lacked probable cause); *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir. 1985) ("[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff."); *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988) ("[A]rrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law.").

Generally, probable cause exists when the police have "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "Probable cause determinations involve an examination of all facts and circumstances *within an officer's knowledge at the time of an arrest*." *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Sixth Circuit precedent suggests that, in the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire v. Schubert*, 205 F.3d 303, 328 (6th Cir. 2000) ("An allegation by one individual that items in another's possession actually belong to her is not enough to create probable cause that a crime has been committed.").

Where an arrest is made pursuant to a grand jury indictment, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307 n.13 (6th Cir. 2005) (citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). However, "after-the-fact grand jury involvement cannot serve to validate a prior arrest." *Id.* (citing *Garmon v. Lumpkin Cnty.*, 878 F.2d 1406, 1409 (11th Cir. 1989) ("A subsequent indictment does not retroactively provide probable cause for an arrest that has already taken place.")).

### B.     The Claim against the Police Officers in their Individual Capacity

Under these principles, based on the factual allegations outlined above, the Court finds that the plaintiff has, at least for purposes of the initial screening, stated colorable claims against Detective Newman and Officer Tenry for false imprisonment/false arrest. The plaintiff alleges that the officers were presented with a loose assortment of circumstantial evidence linking him to the burglary, and that he was arrested as merely the most convenient suspect. He references a "true bill," but it is clear that any indictment was issued after the plaintiff had already been arrested. If the plaintiff's version of the facts is proven to be true, a reasonable factfinder could conclude that the arrest was not supported by probable cause, and that no reasonably competent police officer would have found probable cause. *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The Court cautions the plaintiff that this is a preliminary finding only. The Court finds merely that the complaint states a claim for false imprisonment/false arrest against the police officers and will permit service to be effected upon these defendants. The Court makes no finding as to the merits of the plaintiff's claim.

### C.     The Official-Capacity Claims and Claims against the City

The plaintiff also sues the police officers in their official capacity, and names the Clarksville Police Department as a defendant as well. "Official capacity" claims are tantamount to claims against the governmental entity that employs the defendants named in that capacity, in this case, the City of Clarksville. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[S]uit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") Likewise, the Clarksville Police Department

is an arm of the City of Clarksville, such that the claims against the police department are appropriately construed as being asserted against the city itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Although a municipality may be a "person" for purposes of § 1983, the law is clear that a municipal government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior*[3] theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690. "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)). In short, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Thus, a city cannot be held responsible for a constitutional deprivation unless there is a "direct causal link" between a municipal policy or custom and the alleged constitutional deprivation. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996). The Sixth Circuit has held that to establish the requisite causal link, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (quoting *Monell*, 436 U.S. at 694)).

---

[3] "*Respondeat superior*" is defined as the doctrine under which liability is imposed upon an employer for injuries to others caused by the acts of his employees committed in the course and scope of their employment. Black's Law Dictionary (abridged 6th ed. 1991).

In this case, the plaintiff has not alleged the existence of any policy or custom giving rise to his claims. It is clear that the allegations in the complaint fail to state viable claims against the City of Clarksville Police Department or against the police officers in their official capacity. Those claims are subject to summary dismissal.

## IV. CONCLUSION

An appropriate order will enter, consistent with the findings herein, permitting the claims against the police officers in their individual capacity to proceed, but dismissing the remaining claims in the complaint.

Kevin H. Sharp
United States District Judge