UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MANSOUR BIN EL-AMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-00342 |
| ) | Judge Sharp/Brown |
| CLARKSVILLE POLICE DEPARTMENT, ) | Jury Demand |
| DETECTIVE NICHOLAS NEWMAN, AND ) | |
| OFFICER BRIAN TENRY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

To: The Honorable Kevin H. Sharp, United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that the defendants' first motion to dismiss (Docket Entry No. 31) be **TERMINATED** as **MOOT**, that the defendants' second motion to dismiss (Docket Entry No. 41) be **GRANTED**, that this action be **DISMISSED WITHOUT PREJUDICE**, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

I. INTRODUCTION AND BACKGROUND

The plaintiff was an inmate at the Montgomery County Jail in Clarksville, TN, when he filed this lawsuit. (Docket Entry No. 1) The plaintiff is currently incarcerated at the same location. (Docket Entry No. 43)

The plaintiff brought this action under 42 U.S.C. § 1983. (Docket Entry No. 1) On initial review, the plaintiff's claims against the Clarksville Police Department and the officers, in their official capacities, were dismissed with prejudice for failure to state a claim. (Docket Entry No.

1

11) The plaintiff's claims for false imprisonment and false arrest against the officers, in their individual capacities, were deemed colorable claims for relief, and the court ordered service of process to the two defendants. (Docket Entry No. 11) The plaintiff's false imprisonment and false arrest claims assert that the defendants wrongfully arrested and held the plaintiff in custody, without probable cause. (Docket Entry No. 1)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to manage the case, for decisions on all pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, pursuant to Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. (Docket Entry No. 11)

The defendants filed their first motion to dismiss on November 27, 2012 with a memorandum in support of their motion. (Docket Entry No. 31-32) In response, the plaintiff filed a motion to proceed with the case on December 28, 2012. (Docket Entry No. 38) The Magistrate Judge has treated this last Docket Entry as a response to the defendant's first motion to dismiss rather than a separate motion.

The defendants filed a second motion to dismiss and supporting memorandum of law on February 1, 2013. (Docket Entry No. 41-42) Thereafter, the plaintiff filed a response captioned "Motion To Appoint Counsel" part of which the Magistrate Judge liberally construes as a response to the defendants' motion to dismiss. (Docket Entry No. 43) The defendants' motions are properly before the court.

## II. ANALYSIS

A. Standard for Decision – 12(b)(6) Motion

The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. When deciding this motion, a court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The Supreme Court previously set forth the following standard as it pertains to 12(b)(6) motions to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because
> they are no more than conclusions, are not entitled to the assumption
> of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations. When
> there are well-pleaded factual allegations, a court should assume
> their veracity and then determine whether they plausibly give rise to
> an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

B. 12(b)(6) Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 Claim

The defendants argue that the plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docket Entry No. 42) They argue that a favorable judgment on the plaintiff's claim in the plaintiff's favor would call into question the validity of the plaintiff's state law theft conviction, and this is precluded by *Heck*. (Docket Entry No. 42) The defendants assert this to be true because the theft conviction arose out of the same operative facts as the arrest and charge for aggravated burglary. (Docket Entry No. 42) They argue that without a favorable termination the plaintiff's claim is barred by *Heck*, and the plaintiff has not received a favorable termination to date. (Docket Entry No. 42) The defendants then ask the court to dismiss the plaintiff's claim with prejudice. (Docket Entry No. 42)

In response to the defendants' motion, the plaintiff argues that he is currently awaiting a judgment from the Tennessee Court of Criminal Appeals on his theft conviction. (Docket Entry No. 43) He estimates a response from the court in four to five months. (Docket Entry No. 43) He then asks the court not to dismiss his claim on a mere "technicality." (Docket Entry No. 43)

A plaintiff's 1983 claim challenging confinement is barred if a favorable ruling for the plaintiff would call into question the validity of a state criminal conviction, unless the conviction is favorably terminated. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Nelson v.*

4

*Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87). A conviction is favorably terminated when it has been 1) expunged by an executive order, 2) reversed on direct appeal, 3) declared invalid by a state tribunal, or 4) called into question by a federal court's issuance of habeas corpus. *See Heck*, 512 U.S. at 486-87; *Nelson*, 541 U.S. at 646-47. Therefore, a district court must first consider whether a favorable judgment for the plaintiff would necessarily imply the invalidity of the plaintiff's conviction. *Heck*, 512 U.S. at 487. If so, the claim must be dismissed unless the plaintiff can show that the conviction has been favorably terminated. *Id.* Otherwise, the claim is not cognizable. *Id.* However, if the district court finds that a favorable judgment for the plaintiff would not call into question the validity of a state criminal conviction, then the action should proceed. *Id.*

A favorable judgment for the plaintiff on his § 1983 claim would call into question the validity of his state criminal conviction. The state criminal conviction arose out of the same facts and circumstances as his arrest and charge for aggravated burglary. It would be impossible to pass judgment on the arrest in favor of the plaintiff without affecting or calling into question the validity of the state criminal conviction. Therefore, the court must next determine whether there has been a favorable termination of the state criminal conviction to allow the plaintiff to proceed with his claim.

By his response to the defendants' motion, the plaintiff has acknowledged that he has not obtained a favorable termination, as required by *Heck v. Humphrey*. The law in *Heck* is clear. A plaintiff must obtain a favorable termination invalidating the state criminal conviction **before** the plaintiff is allowed to bring a § 1983 claim that would call into question the validity of that same state criminal conviction. If the plaintiff has not followed the guidelines set out in *Heck*, then the plaintiff's case must be dismissed. To date, the plaintiff does not dispute that he has not obtained

5

an executive order, a reversal on direct appeal, the conviction has not been declared invalid by a state tribunal, nor has the conviction been called into question by a federal court's issuance of habeas corpus. Therefore, because the plaintiff has not complied with the guidelines stated in *Heck v. Humphrey*, he cannot bring his § 1983 claim. The plaintiff's claim should be dismissed without prejudice as it is still possible his conviction could be set aside. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).

C. Other Motions

The defendants currently have another motion to dismiss (Docket Entry No. 31) before the court. However, the second motion to dismiss (Docket Entry No. 41) will dispose of this case, so the Magistrate Judge finds no reason to address the first motion (Docket Entry No. 31) and recommends that the defendants' first motion to dismiss (Docket Entry No. 31) be **TERMINATED** as **MOOT**.

CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the defendants' first motion to dismiss (Docket Entry No. 31) be **TERMINATED** as **MOOT**, that the defendants' second motion to dismiss (Docket Entry No. 41) be **GRANTED**, that this action be **DISMISSED WITHOUT PREJUDICE**, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b), Fed. R. Civ. P., any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days receipt of this Report and

Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 12th day of February, 2013.

/s/Joe B. Brown_____
Joe B. Brown
U.S. Magistrate Judge