IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MANSOUR BIN EL-AMIN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-342 |
| CLARKSVILLE POLICE DEPARTMENT, | ) Judge Sharp |
| DETECTIVE NICHOLAS NEWMAN, and | ) |
| OFFICER BRIAN TENRY, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the Court are the plaintiff's "Motion to Reopen" and "Notice of Appeal," which the Court construes as objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Joe Brown, recommending that this action be dismissed without prejudice. For the reasons set forth herein, the Court will adopt the R&R, grant the defendants' second motion to dismiss, terminate their first motion to dismiss as moot, and dismiss this action without prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Mansour Bin El-Amin, a state prisoner who proceeds *pro se*, filed his complaint in this action under 42 U.S.C. § 1983. On initial review, the Court dismissed the claims against the Clarksville Police Department and against Detective Nicholas Newman and Officer Brian Tenry in their official capacity, but allowed the claims against the police officers in their individual capacity for false imprisonment and false arrest to proceed. The case was referred to Magistrate Judge Brown pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to manage the case and conduct all pretrial matters, and to issue a report and recommendation on all dispositive motions.

On February 12, 2013, Magistrate Judge Brown entered the R&R (ECF No. 47) recommending that defendant Newman and Tenry's first motion to dismiss (ECF No. 31) be terminated as moot, that the defendants' second motion to dismiss (ECF No. 41) be granted, and that this action be dismissed without prejudice based on the principles articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Brown also recommended that the Court certify that any appeal would not be taken in good faith. In the R&R,

Judge Brown notified the plaintiff that he had ten days from his receipt of the R&R within which to file written objections to the Magistrate Judge's proposed findings and recommendations.[1]

In his complaint, the plaintiff alleges that he was arrested by defendants Newman and Tenry on June 19, 2011 for allegedly burglarizing a home. He asserts that the arrest was without probable cause insofar as it was based on false witness statements and because he was "targeted" by police officers because "they needed a quick arrest for the crime," and because the plaintiff lived nearby and was already on probation for a similar crime. (ECF No. 1, at 3.) The plaintiff alleged that after his arrest, a Montgomery County grand jury issued a "true bill" indictment for the burglary charge despite the absence of evidence against him. The plaintiff alleges that his probation was revoked as a result of his being charged with burglary, and that he remained in jail for approximately nine months, from the time of his June 19, 2011 arrest date until his March 19–20, 2012 trial date, as a result of his wrongful arrest. The plaintiff alleges he was acquitted of aggravated burglary.

In support of their motion to dismiss, defendants Newman and Tenry presented and relied upon evidence outside the pleadings. However, the evidence consisted of certified records from the plaintiff's underlying criminal case, which are public records that may be considered by the Court without converting the motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(d); *Northville Downs v. Granholm*, 662 F.3d 579, 586 (6th Cir. 2010) (citation omitted). The documentation submitted by the defendants shows that the plaintiff was arrested on June 19, 2011 pursuant to an arrest warrant issued by the Montgomery County General Sessions Court and Affidavit of Complaint sworn out by defendant Newman. The warrant was issued pursuant to a finding of probable cause by Montgomery County Judicial Commissioner Angela Wheeler.

The case was bound over to a Montgomery County Grand Jury on June 28, 2011, after the plaintiff had received a preliminary hearing and a probable-cause determination by Montgomery County General Sessions Court Judge Wayne Shelton. On August 2, 2011, the grand jury returned an indictment formally charging the plaintiff with two counts: one count of aggravated burglary under Tenn. Code Ann. § 39-14-403, and one count of theft of property over $1,000 under Tenn. Code Ann. § 39-14-103, both

---

[1] Rule 72 has been amended to provide that any party may serve and file objections to a report and recommendation within 14 days after being served with a copy of the magistrate judge's ruling.

counts alleging an offense date of June 18, 2011, and both premised upon the same event.

On March 20, 2012, the plaintiff was tried by a jury and found not guilty on the aggravated burglary charge, but guilty on the theft charge. The plaintiff was sentenced on May 2, 2012 to seven years and six months' imprisonment with the Tennessee Department of Correction.

In their motion to dismiss, the defendants argue that the plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a favorable judgment on the plaintiff's claims would necessarily call into question the validity of the plaintiff's state-law theft conviction. The defendants assert that this is true because the theft conviction arose out of the same operative facts as the arrest and charge for aggravated burglary, and the theft conviction has not been reversed on direct appeal or otherwise terminated in the plaintiff's favor. In response to the defendants' motion, the plaintiff argues only that he appealed the conviction and is awaiting a decision from the Tennessee Court of Criminal Appeals. (ECF No. 43.)

Based on these facts, Judge Brown concluded that the plaintiff's claim is barred by *Heck v. Humphrey*, in which the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Judge Brown first concluded that a favorable judgment for the plaintiff in this case would necessarily call into question the validity of his state-court conviction, which arose out of the same facts and circumstances as his arrest for aggravated burglary, and that the conviction has not been favorably terminated in the plaintiff's favor. He therefore recommends dismissal of the action without prejudice, as it was still possible that the plaintiff's conviction could be set aside, in which event the plaintiff would be free to reassert the claims brought here.

The plaintiff has now filed a "Motion to Reopen" and "Notice of Appeal" in which he asserts that: (1) as a layman, he is ignorant of the law; (2) the case was dismissed because the plaintiff was convicted on one of the charges for which he was indicted; (3) the conviction is being appealed and "very well may be overturned" (ECF No. 54, at 2; ECF No. 55, at 1); and (4) if the conviction is overturned then his claims here would be valid. The plaintiff therefore asks the court to "reopen" the case and hold it in abeyance

until the appeal is decided. (ECF No. 54, at 2.) As previously indicated, at the time the plaintiff filed these documents, there was no judgment to "reopen" or to appeal. Accordingly, the Court construes the Motion and the Notice of Appeal as an appeal to the district judge from the R&R filed by the magistrate judge.

## II. STANDARD OF REVIEW

The standard applying to the district court's review of a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, no particular standard is prescribed by the applicable rules. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, concerning those portions of Magistrate Judge Brown's R&R to which neither party has objected, the Court need not conduct a review.

If a party does object to portions of a report and recommendation, the Court must review those portions *de novo*, in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. This rule states, in relevant part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because the plaintiff filed objections, this Court reviews *de novo* those portions of the R&R to which objections have been made.

## III. DISCUSSION

The plaintiff objects very generally to Judge Brown's finding that the case is barred by *Heck v. Humphrey*. He does not dispute Judge Brown's conclusion that a favorable outcome in this case would necessarily imply the invalidity of the plaintiff's underlying criminal conviction.[2] Nor does he dispute the

---

[2] Indeed, many courts have recognized that false arrest/false imprisonment claims based on the absence of probable cause at the time of an arrest are not necessarily barred by *Heck v. Humphrey*. *See, e.g.*, *Montgomery v. De Simone*, 159 F.3d 120, 126 & n.5 (3d Cir. 1998) (observing that "[a] claim for false arrest, unlike malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more, and therefore that the plaintiff's false-arrest claims in that case were "not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of conviction or sentence"); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) ("It is well established that a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest."). In the present case, however, the plaintiff's claim does not relate only to the time between his arrest and his indictment. Rather, he claims that he was "innocent" of the charge of aggravated burglary (ECF No. 1, at 3), and that the statements given to the police officer defendants by various witnesses (upon which the defendants relied for purposes of obtaining the arrest

- 4 -

fact that his state criminal conviction for theft has not been overturned. Instead, he simply asserts that this case should be "held in abeyance" pending the Tennessee Court of Criminal Appeals' resolution of his appeal in the underlying state criminal case.

As Judge Brown points out, however, the law in *Heck* is clear: A plaintiff must obtain a favorable termination invalidating the state criminal conviction *before* bringing a § 1983 claim that calls into question the validity of that same state-court conviction. *Heck*, 512 U.S. at 487 ("A claim for damages . . . that has not been so invalidated *is not cognizable* under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has *already* been invalidated." (emphasis added)). Because the plaintiff does not dispute the fact that his conviction has not been overturned on appeal, Judge Brown correctly concluded that his case was brought prematurely and must be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, the Court will adopt the R&R, grant the defendants' second motion to dismiss, terminate the first motion to dismiss as moot, and dismiss this action in its entirety, but without prejudice to bring the same claims again if the plaintiff's criminal conviction for theft is overturned. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge

---

warrant, and which supported the indictment) were hearsay and were false. The plaintiff seeks damages based on the nine months he spent in jail between the time of his arrest and his acquittal on the charge of aggravated burglary. The plaintiff wholly neglected to mention in his complaint that he had been indicted for theft as well as for aggravated burglary, and that a jury found him guilty of theft. Under these circumstances, the Court concludes that the plaintiff's claims are predicated upon his assertion that the entire aggravated-burglary case against him was without foundation. *Cf. Wilson v. Police Dep't of Bossier City*, 448 F. App'x 464, , 464 (11th Cir. 2011) (citing *Mackey* for the proposition that an unlawful-arrest claim does not necessarily implicate the validity of a criminal prosecution following that arrest, but that, where the "crux of [the plaintiff's] claims is that testimony rejected by the jury is, in fact, true," the district court did not err in dismissing the claims as barred by *Heck*). Accordingly, under the facts presented here, *Heck* clearly does apply.